

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Mr. Ellingson:        Opinion No. O-3832

Re: Whether or not Texas Prison
System owes George Outlaw
clothing, a ticket and $5.00,
or is he to be considered as
being on reprieve and given
$5.00 only, under the facts
and circumstances stated.

Your letter requesting an opinion by this De-
partment upon the above-captioned matter is as follows:

"The above named inmate voluntarily re-
turned on the last day of a reprieve, stating
that his parole advisor had informed him the
Board of Pardons and Paroles had recommended
a conditional pardon for him to the Governor,
but the Governor had not signed it up to the
time he returned. Four days after his return,
the conditional pardon was received, and it
was dated eleven days before his reprieve ex-
pired.

"When a conditional pardon is received
by an inmate confined in the penitentiary he
is given clothing, a railroad ticket and
$5.00. However, when a conditional pardon
is received for an inmate who is on reprieve,
$5.00 only is sent to him.

"In the above case, does the Prison Sys-
tem owe this man clothing, a ticket and $5.00,
or is he to be considered as being on reprieve
and given $5.00 only?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Under the facts stated, George Outlaw, No. 9452, the convict under consideration, was not at liberty under a reprieve after the last day of his reprieve, upon which day he returned to the prison.

This pardon, like any other instrument in writing intended to grant rights, would become effective only upon delivery by the Governor to the convict, or to someone authorized by the convict, or by the law to receive it for his benefit.

Indisputably, the conditional pardon never became effective -- neither by acceptance nor by transmission to the prison authority -- until the prisoner was again in custody after the expiration of his reprieve or parole.

From what we have said it follows that the prisoner is entitled to clothing, a ticket, and $5.00.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer,
Assistant

APPROVED MAY 28, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN